F I L E D
Clerk
District Court
APR 22 2021
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERVILLANA SORIANO and HALIM KHAN,<br><br>Defendants. | Criminal Case No. 1:20-cr-00007<br><br>**MEMORANDUM DECISION DENYING DEFENDANTS' MOTION IN LIMINE** |

On March 2, 2021, Defendants Servillana Soriano and Halim Khan (collectively "Defendants") filed their motions in limine to exclude testimony of the Government's proposed expert witness. (ECF Nos. 72, 73.) The Government filed its Opposition (ECF Nos. 79, 80), to which Defendants replied (ECF Nos. 83, 84). The Court held a hearing on the matter on March 30, 2021 (ECF No. 89). Having reviewed the filings, considered the applicable law, and hearing arguments from counsel, the Court denied Defendants' motions in limine. The Court sets forth its reasoning below.

I.   FACTUAL BACKGROUND

Each Defendant is charged by a Second Superseding Indictment with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. (ECF Nos. 85, 87.) The indictment alleges that between August 1, 2018 and February 11, 2019, the two Defendants conspired with at least two other known individuals to defraud the United States by obstructing the functions of U.S. Citizenship and Immigration Services ("USCIS") "in the fair and objective evaluation of petitions to classify aliens as CW-1 workers." (Second Superseding Indictment, ECF Nos. 85 at 2, 87 at 2.) To do this, the

Government alleges that a company, RES International, LLC, would submit CW-1 classification petitions "that would falsely and fraudulently represent that an employer-employee relationship would exist between RES and its beneficiaries under the employment terms set forth in the petition." (ECF Nos. 85 at 2, 87 at 2.) Defendants pleaded not guilty to the charged offense and a jury trial is scheduled for June 29, 2021 for both. (Mins., ECF No. 89, 100.)

In December 2020, the Government sent its notice to Defendants that it would be calling USCIS Immigration Services Officer III Monica Verma ("Officer Verma") as an expert witness. (Gov't Notice, ECF Nos. 72-1, 73-1.) The Government's notice revealed that Officer Verma "is expected to provide testimony regarding the procedures and requirements for CW-1 visas." (ECF Nos. 72-1 at 1, 73-1 at 1.) Specifically, Officer Verma was expected to testify as to the "paperwork involved in submitting" a CW-1 visa application, the importance of supporting employment documentation in the "CW-1 approval process," "the meaning of various terms and acronyms associated with" the process, "the criteria in analyzing eligibility for a "CW-1 visa," the "proof requirements" to qualify for a "CW-1 visa," and the "circumstances" USCIS adjudicators may request additional evidence from applicants. (ECF Nos. 72-1 at 1, 73-1 at 1.) The Government also stated that Officer Verma's expert testimony would be based on her training and experience (ECF Nos. 72-1 at 2, 72-3 at 2); Officer Verma's *curriculum vitae* was provided (ECF Nos. 72-2, 72-3) as well as a transcript of proceedings from a previous trial at which Officer Verma testified on similar matters. (ECF Nos. 72-3, 73-3.)

Defendants filed their motions in limine to exclude or limit the expert testimony based on inadequate notice as required by Rule 16 of the Federal Rules of Criminal Procedure and based on the Federal Rules of Evidence.

The Government filed its Opposition (ECF Nos. 79, 80), supported by a supplemental notice to Defendants. (ECF Nos. 79-1, 80-1.) The notice read: "As you are aware, the Government initially provided notice identifying [Officer] Verma as a proposed expert witness" in December 2020. (ECF Nos. 79-1 at 1, 80-1 at 1.) "At that time, the Government identified the general topics that would be the subject of her expert testimony[.]" (ECF Nos. 79-1 at 1, 80-1 at 1.) "The purpose of this letter is to augment the Government's disclosure by providing a summary of Ms. Verma's factual testimony, her expert testimony, and additional details regarding the bases and reasons for her opinions." (ECF Nos. 79-1 at 1, 80-1 at 1.) An email exchange between Officer Verma and the Government was also included as an attachment. (ECF Nos. 79-2, 80-2.) Both Defendants filed their reply arguing that the additional notice and information do not cure the deficiencies. (ECF Nos. 83, 84.)

## II.     LEGAL STANDARD

Although courts may preliminarily rule on the admissibility of evidence before trial, "evidence shall be excluded in limine only when it is shown that the evidence is 'inadmissible on all potential grounds.'" *Speaks v. Mazda Motor Corp.*, 118 F. Supp. 3d 1212, 1217 (D. Mont. 2015) (citation omitted). If the moving party is unable to meet this "high standard," courts should defer ruling on the matter "so that questions of foundation, relevancy and potential prejudice" are "resolved in proper context." *Id*. (internal quotation marks omitted). "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id*. (internal quotation marks omitted). Nevertheless, where a court submits a provisional ruling, it may "always change [its] mind during the course of trial." *Id*. (internal quotation marks omitted).

      Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure provides that where a defendant so requests, "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . . The summary provided . . . must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." This aids in "'minimiz[ing] surprise from the unexpected expert testimony and to provide Defendant with a fair opportunity to test the merits of the expert's testimony through focused cross-examination.'" *United States v. Babichenko*, 2021 WL 780902, at *2 (D. Idaho Mar. 1, 2021) (quoting *United States v. Baras*, 2014 WL 129606, at *3 (N.D. Cal. Jan. 14, 2014)). Where the Government fails to comply with Rule 16, "'the district court may order disclosure, grant a continuance, prohibit the government from offering the evidence at trial, or grant whatever relief the district court deems just under the circumstances.'" *Id*. (quoting *United States v. Mendoza*, 244 F.3d 1037, 1046 (9th Cir. 2001)). But, it is recommended that courts not impose "'a sanction harsher than necessary to accomplish the goals of Rule 16.'" *Id*. (quoting *United States v. Gee*, 695 F.2d 1165, 1169 (9th Cir. 1983)).

**III.    DISCUSSION**

      Defendants maintain that the Government's second Rule 16 notice of Officer Verma's proposed expert testimony is inadequate, especially given the complexity of immigration law. The Government argues that Officer Verma's testimony is really, for all intents and purposes, a means for the jury to have a better understanding on the CW-1 application process. In other words, the notice functions as a precautionary measure in the event her testimony needed to be converted to expert testimony. At the hearing, the Government conceded it would be willing to amend its notice. It also

informed the Court that if Officer Verma did not have a basis for particular opinions, the Government would withdraw its intent to elicit testimony on those subjects.

With the advent of technology and increased dependency on expert testimony, the Advisory Committee for the Federal Rules of Criminal Procedure acknowledged the developing need for access to discovery for a proposed expert's testimony. *See* Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment ("With increased use of both scientific and nonscientific expert testimony, one of counsel's most basic discovery needs is to learn that an expert is expected to testify."). As a result, amendments were implemented in 1993, and although these did not extend to lay witness testimony under Federal Rule of Evidence 701, Rule 16 was amended for parties' greater access to expert witness discovery.

Today, Rule 16 mandates the Government to provide a summary of the proposed expert witness's testimony. That summary must include at least three critical components : (1) the witness's opinions, (2) the bases and reasons for those opinions, and (3) the witness's qualifications. Fed. R. Crim. P. 16(a)(1)(G). The expert's opinion must be explicit—not a list of general topics or subject matters. *See United States v. Duvall*, 272 F.3d 825, 828-29 (7th Cir. 2001) (describing that "the manner in which meth is distributed" in a Government notice "does not in any way identify the particular opinion that [the expert] offered at trial"); *United States v. Francis*, 2009 WL 1444930, at *2 (C.D. Cal. May 20, 2009) (finding that the Government's notice sufficiently stated the expert witness's opinions). Supporting documents may supplement an expert's "bases and reasons" for their opinion. *See United States v. Naegele*, 468 F. Supp. 2d 175, 176-77 (D.D.C. 2007) (failing to provide any documents supporting a laboratory report does not establish the "bases and reasons" for the expert's

opinion). Nevertheless, while providing detailed information is judicious, "[t]he Ninth Circuit has observed that '*minimal* notice' is required under Rule 16." *Babichenko*, 2021 WL 780902, at *2 (citing *United States v. Jimenez*, 525 Fed. App'x 565, 567 (9th Cir. 2013)) (emphasis added). Thus, "Rule 16(a)(1)(G) does not require a chapter-and-verse recitation of the expert's opinion, bases, and reasons." *Id*. at *5.

In some circumstances, the information required in a Rule 16 notice need not be re-introduced if earlier or other filings have already included such information. In *United States v. Ilegbameh*, the defendant argued that he did not receive adequate notice of the expert witness's proposed testimony per Rule 16. 2013 WL 12171602, at *2 (C.D. Cal. Nov. 13, 2013). Similar to here, the proposed expert would testify as a USCIS immigration officer on background related to processing immigration applications. At the initiation of *Illegbameh*, the immigration officer provided a description of the immigration system and his opinions in the Government's Complaint. *Id*. The Government also provided defendant with the officer's previous testimony in a case involving similar charges, and his resume. *Id*. Thus, the court disagreed with the defendant and instead concluded that the Government provided sufficient notice of the officer's anticipated testimony pursuant to Rule 16(a)(1)(G). *Id*.

Here, the Government's disclosure of its proposed questions to the expert witness, taken together with the previously provided transcript of her testimony from the prior criminal trial, cures only part of the problem. At the March 30 hearing, the Government conceded it was willing to produce a copy of relevant documents informing Defendants on the instructions in effect at the time the relevant CW-1 petitions were submitted. These, in conjunction with the exhibits provided at the March 30 hearing bolsters the Government's Rule 16 notice. (*See* ECF Nos. 89-1.) Absent these documents, the

Government would need to provide more specificity on Officer Verma's opinion and include her bases and reasons for determining so. Given the Government's willingness to remedy the deficiencies by providing a more particularized notice with additional supporting information, the Court will deny Defendants' motions in limine. This ruling shall be provisional, and the parties are reminded that the Court may modify its decision at trial.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motions in limine, and the Government is ORDERED to amend and supplement its notices with more sufficient detail on Officer Verma's expert opinion to meet the standards of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.

IT IS SO ORDERED this 22nd day of April, 2021.

/s/ Ramona V. Manglona

RAMONA V. MANGLONA
Chief Judge