FILED
Clerk
District Court
SEP 30 2022
for the Northern Mariana Islands
By______________
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

SERVILLANA SORIANO,

Defendant.

Case No. 1:20-cr-00007-01

**MEMORANDUM DECISION DENYING DEFENDANT'S MOTION FOR RELEASE PENDING APPEAL**

Before the Court is Defendant Servillana Soriano's ("Soriano") Motion for Release Pending Appeal (ECF No. 259). The Government filed its Opposition (ECF No. 261), to which Soriano replied (ECF No. 262). The matter came on for a hearing on September 30, 2022 at which time the Court DENIED Soriano's motion (ECF No. 264). The Court now issues this memorandum decision memorializing its reasoning.

## I. BACKGROUND

On March 25, 2021, a Second Superseding Indictment was issued by the grand jury against Soriano charging her with one count of Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371. (ECF No. 85.) During the entire two years of the pendency of the proceedings against her, she has remained at liberty on her own personal recognizance. (Order Setting Conditions of Release, ECF No. 19.)

Jury trial commenced on June 29, 2021. (Min., ECF No. 130 (voir dire).) At trial, Soriano objected to the admission of a written statement attributed to Soriano, prepared by and read to her by Special Agent Jonas, translated by an on-demand telephonic interpreter service, and which Soriano

signed. The written statement was prepared by the Special Agent after he interviewed Soriano. Examining the factors set out in the Ninth Circuit's decision *United States v. Nazemian*, 948 F.2d 522 (9th Cir. 1991), and the analysis in *United States v. Aifang Ye*, 800 F.3d 395 (9th Cir. 2015), the Court agreed with the Government that the interpreter functioned as a mere "language conduit," and therefore overruled Soriano's objection. (Mem. Decision re: Def. Objections to the Admission of Def.'s Written Statement, ECF No. 139.) The Court concluded that the translated written statement was admissible and that "Soriano was given ample opportunity to cross-examine Special Agent Jonas concerning the April 17 written statement[.]" (*Id*. at 10.) Therefore, the jury was "in the best position, as fact-finders, to determine how much weight to ascribe to Soriano's statements." (*Id*.)

Also at trial, the Government presented the testimony of Immigration Services Officer Monica Verma. On cross-examination, Soriano's counsel asked Officer Verma: "You testified before that you believed there was some regulation that you couldn't specify with some language that you thought may exist," specifically referring to "a prohibition on petition employer getting reimbursed fees and other expenses from beneficiaries of the petition[.]" (Tr. 5, ECF No. 149.) In response, Officer Verma admitted that she "was not able to find a specific regulation that stated that the petitioner is not allowed to request for reimbursement from the beneficiary." (*Id*.) In clarifying her answer, Soriano's counsel once again asked: "[Y]ou don't know any other regulation that bears on the issue of whether an employer can or cannot get reimbursement from . . . a petitioned beneficiary, right?" (*Id*. at 6-7.) Officer Verma responded: "Correct. After further research, I was not able to . . . find a specific regulation that specifically stated that." (*Id*. at 7.)

After three days of trial, the jury returned a verdict of guilty on the sole count of the Second Superseding Indictment. (Verdict, ECF No. 144.)

Soriano was subsequently sentenced but was allowed to remain at liberty on the same terms and conditions of her pretrial release pending her self-surrender to the U.S. Marshal Service on October 14, 2022 at 8:00 a.m. (Am. J., ECF No. 263.)

## II. LEGAL STANDARD

18 U.S.C. § 3143(b) states that a defendant be detained pending an appeal unless the Court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community"; (2) the "appeal is not for the purpose of delay"; and (3) the appeal "raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." It is the third requirement that is at issue here,[1] which Soriano has the burden of establishing. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985).

## III. DISCUSSION

Soriano presents three challenges in view of 18 U.S.C. § 3143(b) and *Handy*. First, the admission of Soriano's written statement was in error because the underlying facts in this case are distinguishable from *Aifang Ye*. Second, Officer Verma's mistaken and false testimony on the issue of reimbursement for employers petitioning potential CW-1 applicants was improperly presented to the jury. On the first two challenges, Soriano argues that the written statement, in conjunction with Officer Verma's testimony, was "unfounded" and contradicted" by other evidence suggesting Soriano

[1] The Government concedes that Soriano does not present a risk of flight or danger to the community (Opp'n 3). It has not addressed whether the motion was brought for the purposes of delay, but did not appear to contest this at the September 30, 2022 hearing.

did not know about the wrongfulness of her actions. (Mot. 7.) Thus, she "lacked the requisite intent to deceive the U.S. Citizenship and Immigration Services." (*Id.*) And third, Soriano challenges the Court's sentence because it "appeared to be based in material part on her exercising her Sixth Amendment right to a jury trial." (*Id.*)

In *United States v. Handy*, the Ninth Circuit grappled with construing what Congress meant by the phrase "substantial question of law or fact likely to result in a new trial." 18 U.S.C. § 3143(b). It agreed with the Third and Eleventh Circuits that the "word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in reversal' defines the type of question that must be presented." 761 F.2d at 1281. On what would constitute a substantial question, the court concluded that it is "one that is 'fairly debatable' or 'fairly doubtful.'" *Id*. at 1283. "In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous." *Id*. (internal quotation marks omitted).

**A. Admissibility of Written Statement**

Soriano argues that her appeal on the translated written statement presented at trial goes more to the admissibility of the statement rather than a Confrontation Clause issue. She cites that there are factual distinctions between the case at bar and *Aifang Ye* such that the translated written statement should not have been admitted and that it does not go to the weight of the evidence. At the September 30 hearing, and as the Government points out, Soriano referenced a single factual distinction regarding the inconsistency between her statement and what was written.

The Court finds that Soriano has not met her burden. She has failed to show, in either writing or at the hearing, factual distinctions that would constitute the issues on appeal fairly debatable. Without more, the Court is handicapped in deciding how meritorious her appeal issues may be.

Nevertheless, the Court agrees with the Government that the factual circumstances surrounding her statement goes to the weight of the evidence, not its admissibility. As this Court noted in its Memorandum Decision issued on July 2, 2021: "Soriano was given ample opportunity to cross-examine Special Agent Jonas concerning the April 17 written statement, and the Court finds the jury in the best position, as fact-finders, to determine how much weight to ascribe to Soriano's statements." (ECF No. 139 at 10.) Therefore, Soriano has not met her burden to establish the third prong at 18 U.S.C. § 3143(b).

**B. Officer Verma's Testimony**

At the September 30 hearing, Soriano represented her impression that Officer Verma did not concede to the falsity of her testimony on reimbursement; essentially, Officer Verma did not fully acknowledge the error of her testimony. Thus, Soriano concludes, "it is axiomatic that false testimony is inadmissible notwithstanding that her motion does not cite a case for that proposition." (Reply 3.) The Government argues that Officer Verma's testimony on reimbursement to employers petitioning potential CW-1 visa applicants does not go to any one of the elements and that the jury was subject to considering all of the evidence and testimony before it.

First, having reviewed the trial transcript, the Court concludes that Officer Verma acknowledged before the jury that there was no applicable regulation that she previously thought existed. Second, the Court agrees with the Government. Even if Officer Verma did not fully acknowledge the error in her testimony, the jury may consider the testimony as a whole in deliberating. "In reviewing the sufficiency of the evidence, courts must view the evidence in the light most favorable to the prosecution and determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Benzer*, 2015 WL 4275942, at *2

(D. Nev. July 14, 2015) (quoting *United States v. Inunza*, 638 F.3d 1006, 1013 (9th Cir. 2009)). Rather, "'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" *Id*. (quoting *United States Alacron-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002)). Because the court must "defer to the jury's determination of witness credibility and construe the evidence in favor of the prosecution," the Court rejects Soriano's arguments and finds that there is no "viable basis for reversal of a jury's verdict." *Id*. Finally, in regards to the manner of correcting Officer Verma's testimony, whether the inquiry came from the prosecution or the defense, the critical issue is whether the jury was given the opportunity to learn of this discrepancy testified to by the Government's witness. Because the Court does not find it unduly prejudicial to her, the Court concludes that Soriano has not met her burden of proving that a substantial question exists that would likely result in a reversal or new trial.

**C. Sentencing**

Soriano indicated at the September 30 hearing that she was uncertain whether she would continue to pursue this issue on appeal. She argues that but for her assertion of her constitutional right to a jury trial, that perhaps the Court would have sentenced her to probation. At the same time, Soriano conceded that the Court imposed a sentence that Soriano herself recommended.

The Court agrees with the Government that how much time Soriano is sentenced to serve does not go to the substantial question of law or fact prong in *Handy*. Furthermore, Soriano again has not given sufficient information for the Court to review whether the issue she *may* raise on appeal is fairly debatable. Therefore, the Court rejects this final argument.

/ /

/

## IV. CONCLUSION

For the foregoing reasons, Soriano's motion for release pending appeal is DENIED. (ECF No. 259.)

IT IS SO ORDERED this 30th day of September, 2022.

RAMONA V. MANGLONA
Chief Judge